J-S15013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF<br>:        PENNSYLVANIA |
|        v. | : |
| IN RE: MONTE SINGLETON | : |
| Appellant | : No. 2801 EDA 2025 |

Appeal from the Order Entered October 21, 2025
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-MD-0003221-2025

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:               **FILED MAY 29, 2026**

Appellant, Monte Singleton, appeals *pro se* from the October 21, 2025 order entered in the Criminal Division of the Court of Common Pleas of Delaware County that denied a petition for review challenging the District Attorney's ("DA") disapproval of a private criminal complaint. We affirm.

On September 8, 2023, officers from the Upper Darby Police Department responded to Drexel Hill Middle School in Delaware County, Pennsylvania, following a report of a road rage incident. More specifically, the complainant, Harriet Burgess, told officers that "a Black male[,] approximately 30[-]years[-]old with a beard and low-cropped hair, driving a dark sedan [and] wearing a white T-shirt and black pants" threatened her with a firearm while she was attempting to drop her daughter off at school. Trial Court

_____

[*] Former Justice specially assigned to the Superior Court.

Opinion, 11/10/25, at 2.  The complainant later identified Appellant in a photographic array as the person who threatened her.  The Commonwealth subsequently arrested Appellant, criminally charging him with possession of a firearm by a prohibited person, terroristic threats, and other, related charges.  The charges, however, were ultimately *nolle prossed* because the Commonwealth's investigation revealed that the complainant's identification of Appellant was potentially erroneous.

On September 16, 2025, Appellant filed a private criminal complaint with the DA, seeking to have the complainant charged with the offense of false reports to law enforcement, 18 Pa.C.S.A. § 4906(a).  The DA denied Appellant's private criminal complaint, citing a lack of prosecutorial merit.  On September 30, 2025, Appellant filed a petition in the court of common pleas for review from the denial of the private criminal complaint.  The trial court convened a hearing on Appellant's petition on October 16, 2025.  Thereafter, on October 21, 2025, the trial court entered an order affirming the denial of the private criminal complaint.  This timely appeal followed.

Appellant raises the following issue for our consideration:

> [Whether the trial court erred in denying Appellant's petition for review of a private criminal complaint?]

***See generally***, Appellant's Brief at *5 (unpaginated).

On appeal, Appellant challenges the trial court's October 21, 2025 order denying his petition for review of a private criminal complaint.  This Court recently stated:

[T]he appellate standard of review for a trial court's review of a district attorney's disapproval of a private, criminal complaint is the same as any other sufficiency-of-the-evidence review: *de novo*. In conducting such a review, this Court must "examine all of the evidence admitted at the hearing, together with any reasonable inferences drawn therefrom, in the light most favorable to the party" in whose favor the trial court ruled. Critically, the trial court, as "the fact finder, is free to believe all, part, or none of the evidence presented in judging the credibility of the witnesses and the weight to be afforded the evidence produced." Whether all the evidence and inferences drawn therefrom in the favor of the party who prevailed below are sufficient to prove bad faith, fraud, or unconstitutionality is a pure question of law, which this Court reviews *de novo*.

*In re Priv. Crim. Complaint Filed by Animal Outlook*, 349 A.3d 229, 234 (Pa. Super. 2025), *reargument denied* (Feb. 3, 2026) (internal citations omitted).

Private criminal complaints are governed by Rule 506 of the Pennsylvania Rules of Criminal Procedure, which provides:

Rule 506. Approval of Private Complaints

(A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.

(B) If the attorney for the Commonwealth:

(1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

Pa.R.Crim.P. 506.

Our Supreme Court recently reconsidered the standard by which trial courts review the disapproval of a private criminal complaint:

> We hold that, when reviewing a prosecutor's decision disapproving a private criminal complaint under Rule 506, a court of common pleas may only overturn that decision if the private criminal complainant demonstrates that the disapproval decision amounted to bad faith, occurred due to fraud, or was unconstitutional. In so holding, we denounce the prior rubric, where the applicable standard of review depended on the asserted basis for the prosecutor's disapproval decision.

*In re Ajaj*, 288 A.3d 94, 109 (Pa. 2023). "[B]ad faith is demonstrated when the prosecutor acted with a fraudulent, dishonest or corrupt purpose." *Id.*

Here, the trial court determined that Appellant did not allege, nor did the evidence demonstrate, that the DA's decision to deny the private criminal complaint "was made with a fraudulent, dishonest, or corrupt purpose, occurred due to fraud, or was unconstitutional." Trial Court Opinion, 11/10/25, at 7. Our review of the certified record confirms the trial court's findings. Indeed, before the trial court and currently on appeal, Appellant's challenge centered upon the charges lodged against Appellant on September 8, 2023 and the fact that the case was subsequently *nolle prossed*. *See* N.T. Hearing, 10/16/25, at 4-15 (Appellant continually referenced the underlying criminal charges and claimed that, because he was criminally charged, and because the charges were later *nolle prossed*, there was tangible evidence of bias, bad faith, and the violation of constitutional rights); *see also* Appellant's Brief at *10-*11 (claiming that the Commonwealth "ignored" various evidence when it criminally charged Appellant). Appellant utterly failed to even

- 4 -

reference the DA's disapproval decision or attempt to demonstrate that it "amounted to bad faith, occurred due to fraud, or was unconstitutional." *In re Ajaj*, 288 A.3d at 109. Therefore, we cannot reverse that decision or the trial court's denial of Appellant's petition for review. *See id.* at 111 (stating that "this Court cannot interfere with the prosecutor's discretionary decision given that the evidence of record does not establish that the DA's disapproval decision was improper.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/29/2026